UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

1555 JEFFERSON ROAD LLC,

|  |  |
|--|--|
| Plaintiff, | Case # 23-CV-6347-FPG |
| v. | DECISION AND ORDER |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

Plaintiff 1555 Jefferson Road LLC ("Jefferson Road") brings this insurance coverage action against Defendant Travelers Property Casualty Company of America ("Travelers") seeking declaratory judgment and asserting claims for breach of contract, breach of implied duty of good faith and fair dealing, and bad faith.[1] ECF No. 1. Travelers has moved to dismiss Jefferson Road's breach of implied duty of good faith and fair dealing and bad faith claims. ECF No. 5. Travelers also asks this Court to dismiss Jefferson Road's request for punitive damages and attorneys' fees and costs incurred in this action. *Id.* As explained below, Travelers' motion is GRANTED. However, as further explained below, the Court will grant Jefferson Road leave to amend its complaint to replead its good faith and fair dealing claim.

## BACKGROUND

This action arises out of Travelers' alleged failure to defend and indemnify Jefferson Road as an additional insured under one or more insurance policies in connection with a state-court personal injury action (the "Underlying Action") against Jefferson Road, Sun Chemical

---

[1] This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

Corporation, Sun Environmental Corporation, and AmesburyTruth. *See* ECF No. 1 ¶¶ 2, 9.[2]  The plaintiff in the Underlying Action claims that he sustained injuries in March 2019 while performing work at 1555 Jefferson Road, Rochester, New York pursuant to an agreement between his employer and AmesburyTruth. *Id.* ¶ 19.  Specifically, the plaintiff in the Underlying Action claims that he was injured after being exposed to chemicals as a result of the negligence of Jefferson Road, Sun Environmental Corporation, or AmesburyTruth in failing to provide a safe place to work. *Id.* ¶ 20.

AmesburyTruth later commenced a third-party action against the personal injury plaintiff's employer, alleging that the employer or its subcontractors failed to perform the employer's work in a reasonably safe manner. *Id.* ¶¶ 14, 21.  Jefferson Road also brought a third-party action, alleging that Schlegel Systems, Inc. ("Schlegel") was leasing the premises from Jefferson Road on the date of the alleged accident and owed Jefferson Road certain obligations under the lease agreement. *Id.* ¶¶ 16, 22.

Under that lease agreement, Schlegel agreed, among other things, to obtain broad form comprehensive general liability ("CGL") insurance and to name Jefferson Road as an additional insured. *Id.* ¶¶ 24, 26; *see* ECF No. 1-3 at 12-13.  If Schlegel subleased or permitted anyone else to occupy the premises, its obligations under the lease agreement would continue, and the same obligation to procure insurance coverage would apply to any subtenant, assignee, or occupant. ECF No. 1 ¶ 27; *see* ECF No. 1-3 at 5.  At the time of the personal injury plaintiff's alleged accident, AmesburyTruth occupied the premises "pursuant to a relationship or other agreement" between Schlegel and AmesburyTruth. ECF No. 1 ¶ 28.

---

[2] Unless otherwise noted, all facts are taken from the complaint and the attached exhibits, ECF No. 1.

Both Schlegel and AmesburyTruth obtained CGL policies from Travelers which contained endorsements identifying Jefferson Road as an additional insured.  *See* ECF No. 1 ¶¶ 29-38; ECF Nos. 1-4-8.  After receiving the complaint in the Underlying Action, Jefferson Road "tendered its defense and indemnification by a letter dated December 23, 2021."  ECF No. 1 ¶ 40.  In that letter, Jefferson Road requested that Schlegel and AmesburyTruth notify their insurance carriers of the action and take steps to defend Jefferson Road.  ECF No. 1-9.  Although Travelers assigned "one or more" insurance adjusters to Jefferson Road's claim, it has "failed and refused to formally respond" to Jefferson Road's "numerous and specific tenders of defense and indemnification." ECF No. 1. ¶ 42.  Since its first tender in December 2021, Jefferson Road "has tendered its defense and indemnification to Travelers no less than fifteen (15) separate times, to no avail."  *Id.* ¶ 46.

One of those times was on March 22, 2023, after Schlegel and Amesbury Truth produced the Travelers insurance policy documents in the Underlying Action.  ECF No 1 ¶ 49.  About two months later, Travelers responded, and "for the first time," took the position "that coverage may not be available to [Jefferson Road] under the policy, and merely offered to 'participate' in" Jefferson Road's defense "under a complete reservation of rights."  *Id.* ¶ 52.  Travelers has, however, continued to defend AmesburyTruth in the Underlying Action and Schlegel in Jefferson Road's third-party action.  ECF No. 1 ¶ 53.

**LEGAL STANDARD**

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint is plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a probability requirement." *Id.* Instead, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

When deciding a motion under Rule 12(b)(6), a court ordinarily may not rely on matters outside the pleadings unless the court treats the motion for one as summary judgment under Rule 56 and gives the parties a reasonable opportunity to present relevant evidence. *See* Fed. R. Civ. P. 12(d). For the purposes of this rule, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated by reference." *Chambers*

*v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").

## DISCUSSION

Travelers asserts that Jefferson Road's breach of implied duty of good faith and fair dealing and bad faith claims are duplicative of its breach of contract claim and must therefore be dismissed. ECF No. 5-1 at 3. Travelers further asserts that because there is "no possibility" that Jefferson Road could recover attorneys' fees or punitive damages even if the action is successful, its demand for such relief should be dismissed. *Id.* at 8-9. Jefferson Road argues that it has properly pled both its bad faith and good faith and fair dealing claim, and that it is entitled to plead in the alternative, such that dismissal of its good faith and fair dealing claim would be premature. ECF No. 9 at 7-12.

### I.    Implied Covenant of Good Faith and Fair Dealing

In New York, every contract contains an implied covenant of good faith and fair dealing. *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004). This implied covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011) (quoting *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002)). Such a covenant is implicit in contracts of insurance too, "such that a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims." *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 194 (2008); *see also Satispie, LLC v. Travelers Prop. Casualty Co. of Am.*, 448 F. Supp. 3d 287, 294 (W.D.N.Y. 2020).

A breach of this implied covenant constitutes "a breach of the underlying contract." *Nat'l Mkt. Share*, 392 F.3d at 525.  Therefore, a claim for a breach of the covenant of good faith and fair dealing survives a motion to dismiss "only if it is based on allegations different from those underlying the breach of contract claim, and the relief sought is not intrinsically tied to the damages that flow from the breach of contract." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F. 4th 118, 128 (2d Cir. 2022); *see also Iskalo Elec. Tower LLC v. Stantec Consulting Servs., Inc.*, 174 A.D.3d 1420, 1424 (4th Dep't 2019) ("[a] cause of action to recover damages for breach of the implied covenant of good faith and fair dealing cannot be maintained where the alleged breach is 'intrinsically tied to the damages allegedly resulting from a breach of the contract'").  But when a complaint alleges "both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013).

Here, Jefferson Road's good faith and fair dealing claim cannot survive because the factual basis and relief sought for this claim are the same as for the breach of contract claim.  *See JN Contemp. Art*, 29 F. 4th at 128.  With respect to the factual basis, Jefferson Road alleges that Travelers "breached its contractual duties and obligations under the [insurance policies] by failing to defend and indemnify" Jefferson Road in the Underlying Action.  ECF No. 1 ¶ 62.  Jefferson Road then alleges that Travelers breached the implied covenant of good faith and fair dealing by "failing to provide a defense and indemnification . . . without excuse."  *Id.* ¶ 68.  In other words, Jefferson Road alleges that Travelers breached both the contract and the implied covenant of good faith and fair dealing the same way: by failing to defend and indemnify Jefferson Road in the Underlying Action.  Because the factual basis for both claims is the same, the good faith and fair dealing claim is duplicative and must be dismissed.  *See JN Contemp. Art.*, 29 F. 4th at 128.  To

the extent that Jefferson Road argues that Travelers' failures to respond to its multiple tenders provides a distinct factual basis, the Court disagrees.  Jefferson Road's "complaints of delay and lack of investigation address the same ultimate grievance of failure to comply with the [policies]." *See Sikarevich Family L.P. v. Nationwide Mut. Ins. Co.*, 30 F. Supp. 3d 166, 171 (E.D.N.Y. 2014) (internal quotation marks omitted).

Moreover, even if Jefferson Road had set out a different factual basis for this claim, it would still fail because the relief sought for both claims is the same.  *JN Contemp. Art.*, 29 F. 4th at 128.  Jefferson Road seeks the same damages for both the contract claim and the good faith and fair dealing claim.  *Compare* ECF No. 1 ¶ 63, *with id.* ¶ 69; *see id.* at 16 ("wherefore" clause demanding same relief for the contract and implied covenant claim).  Accordingly, the good faith and fair dealing claim is duplicative and must be dismissed.  *See JN Contemp. Art.*, 29 F. 4th at 128; *Iskalo Elec. Tower*, 174 A.D.3d at 1424.

Finally, the Court is not persuaded that Jefferson Road should be permitted to plead its good faith and fair dealing claim in the alternative.  As Jefferson Road notes, an implied covenant claim "may be brought in the alternative to a claim for breach of contract 'where there is a dispute over the existence, scope, or enforceability of the putative contract.'"  *Saggio v. Select Portfolio Servicing, Inc.*, No. 15-CV-4300, 2015 WL 6760132, at *5 (S.D.N.Y. Nov. 5, 2015) (citing *Fantozzi v. Axsys Techs., Inc.*, No. 07 Civ. 2667, 2008 WL 4866054, at *7 (S.D.N.Y Nov. 6, 2008) (quoting *Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 263 (2d Cir. 1999)); *see also Spinelli v. Nat'l Football League*, 903 F.3d 185, 206 (2d Cir. 2018) (noting that while a plaintiff may not recover for a breach of a contract's express terms and a breach of the implied covenant on the same facts, a plaintiff may plead both types of claims in the alternative where there is a dispute over the meaning of the contract's express terms).  But Jefferson Road does not suggest that such a dispute

exists.  *Cf. JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 507 F. Supp. 3d 490, 506 (S.D.N.Y. 2020) (dismissing implied covenant claim where there could be no reasonable dispute about the terms of the agreement material to the action), *aff'd*, 29 F.4th 118 (2d Cir. 2022). Moreover, if Jefferson Road's breach of contract claim were to fail—that is, "should it be held that [Jefferson Road] was not entitled to a defense under [the policies]—there is no alternative remedy from [Travelers] to which it would be entitled based on the facts alleged." *Insituform Techs., LLC v. Liberty Mut. Ins. Co.*, No. 19-CV-6873, 2021 WL 307565, at *8 n.3 (W.D.N.Y. Jan. 29, 2021). Accordingly, there is no basis to permit Jefferson Road to plead its duplicative good faith and fair dealing claim in the alternative to its breach of contract claim.

In sum, the factual basis and relief sought for Traveler's alleged breach of contract and breach of the implied covenant of good faith and fair dealing are the same.  Accordingly, the good faith and fair dealing claim is duplicative of the contract claim and must be dismissed.

## II.    Bad Faith

"A simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself," and that "spring[s] from circumstances extraneous to, and not constituting elements of, the contract" has been violated.  *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 389 (1987); *see Perez v. Foremost Ins. Co.*, No. 17-CV-997, 2020 WL 3316095, at *4 (W.D.N.Y. June 18, 2020).  Accordingly, under New York law, there is no separate, generalized tort claim for bad faith denial of insurance coverage.  *See Insituform*, 2021 WL 307565, at *8; *see also Zawahir v. Berkshire Life Ins. Co.*, 22 A.D.3d 841, 842 (2d Dep't 2005) ("[T]here is no separate cause of action in tort for an insurer's bad faith failure to perform its obligations under an insurance contract.").  That is, "New York law does not permit an insurance claimant to convert a breach of contract claim into a tort claim by alleging that the insurer handled [its] claims

fraudulently or in bad faith." *Bono v. Monarch Life Ins.*, No. 05-CV-281, 2006 WL 839412, at *3 (W.D.N.Y. Mar. 27, 2006).   Instead, where a plaintiff is "essentially seeking enforcement of the bargain, the action should proceed under a contract theory." *Sommer v. Fed. Signal Corp.*, 79 N.Y.2d 540, 552 (1992).

Because Jefferson Road has not alleged that Travelers has violated any legal duty independent of the contract itself, only that Travelers failed to act in accordance with the insurance policies at issue, it has failed to state a bad faith claim against Travelers. *See Perez,* 2020 WL 3316095, at *4; *Insituform*, 2021 WL 307565, at *7-8.   To the extent that Jefferson Road alleges that Travelers failed to adequately respond to its repeated tenders, that is not enough to state a claim for bad faith, *Insituform*, 2021 WL 307565, at *8, as it does not rise to the level of "egregious tortious conduct directed at" Jefferson that might be sufficient to support a tort claim, *see Polidoro v. Chubb Corp.*, 354 F. Supp. 2d 349, 352 (S.D.N.Y. 2005).  Instead, Jefferson Road is "essentially seeking enforcement of the bargain," and the action should "therefore proceed under a contract theory." *Sommer*, 79 N.Y.2d at 552. Jefferson's bad faith claim must therefore be dismissed. *Insituform*, 2021 WL 307565, at *8-9.

 Jefferson Road relies on an Eastern District of New York decision, *Harriprashad v. Metropolitan Prop. & Cas. Ins. Co.*, No. 09-CV-3105, 2011 WL 6337699 (E.D.N.Y. Nov. 17, 2011), to support its assertions that it is "entitled to offer evidence in support of [its bad faith claim]" and that "the claim should be resolved on the merits after full discovery."  ECF No. 9 at 7, 10.  This is unpersuasive for two reasons.  First, the *Harriprashad* court itself recognized that the plaintiff could not "assert a separate claim of 'bad faith' because New York does not recognize such a claim with respect to insurance contracts."  2011 WL 6337699, at *2.  Second, the portion of the decision that Jefferson Road cites involves a plaintiff's request to amend the complaint to

add a claim for special damages. *Id.* at *1-2.   The court concluded that because the plaintiff argued that the insurer "denied coverage in bad faith . . . at this liberal pleading stage, [the plaintiff] should be permitted to assert a claim for special damages." *Id.* at *2.   But claims for consequential, extra-contractual damages are "properly part of [a] breach of contract claim and not a separate cause of action." *Goldmark, Inc. v. Catlin Syndicate Ltd.*, No. 09-CV-3876, 2011 WL 743568, at *4 (E.D.N.Y. Feb. 24, 2011).   Accordingly, while allegations of bad faith may support a request for consequential damages, they do not support an independent cause of action as Jefferson Road asserts here.

Because Jefferson Road has not alleged that Travelers has violated any legal duty independent of the contract, its bad faith cause of action is not cognizable under New York law and must be dismissed.   Moreover, because Jefferson Road's bad faith claim is dismissed, its requests for attorneys' fees and costs incurred in this action and punitive damages are also dismissed.   *See Sikarevich*, 30 F. Supp. 3d at 172.

### III.     Leave to Amend

Jefferson Road has requested that any dismissal "be without prejudice and with leave to replead."   ECF No. 9 at 13; *see also* ECF No. 9-1 ¶ 35.   Travelers asserts that because Jefferson Road has not sufficiently demonstrated that additional allegations would cure the deficiencies in its complaint, the Court should not grant leave to amend.   ECF No. 10 at 10.   As explained below, the Court denies Jefferson Road's request with respect to its bad faith claim action and grants the request with respect to its good faith and fair dealing claim.

Under Fed. R. Civ. P. 15(a)(2), "the court should freely give leave [to amend its pleading] when justice so requires."   As the Second Circuit has explained, "the 'permissive standard' of Rule 15 'is consistent with our strong preference for resolving disputes on the merits.'"   *Lorely*

*Financing (Jersey) No. 3 Ltd. v. Wells Fargo Secs.*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)).  However, a court need not grant leave where the proposed amendment would be futile because they would "fail to cure deficiencies or state a claim under Rule 12(b)(6)."  *Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015).

As explained above, New York law does not recognize an independent cause of action for bad faith denial of insurance coverage.  *See Perez v. Foremost Ins. Co.*, 2020 WL 3316095, at *3-4 (W.D.N.Y. June 18, 2020).   Instead, where, as here, a "plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory."  *Sommer*, 79 N.Y.2d at 552.  Accordingly, the Court concludes that amendments to Jefferson Road's complaint with respect to its bad faith claim would be futile.  *See Perez*, 2020 WL 3316095, at *3.

Jefferson Road may, however, amend its good faith and fair dealing claim.  As explained above, there are two ways in which a good faith and fair dealing claim can survive a motion to dismiss where the plaintiff also brings a breach of contract claim: (1)  "if it is based on allegations different from those underlying the breach of contract claim, and the relief sought is not intrinsically tied to the damages that flow from the breach of contract," *JN Contemp. Art*, 29 F. 4th at 128, or (2) if it is brought in the alternative to a claim for breach of contract where there is a dispute over "the existence, scope, or enforceability of the putative contract," *Saggio*, 2015 WL 6760132, at *5.  To the extent that Jefferson Road can allege either a distinct factual basis or a dispute over the existence, scope, or enforceability of the policies, it may amend its complaint to do so.  Alternatively, it may allege the facts supporting its assertion that Travelers breached the implied covenant as part of its breach of contract claim.  *See Goldmark,* 2011 WL 743568, at *5 (granting leave to amend complaint to seek consequential damages for breach of implied covenant of good faith and fair dealing as part of plaintiff's breach of contract claim).

Finally, to the extent that Jefferson Road believes it is entitled to attorneys' fees and costs or punitive damages in this action, it may amend its complaint to request such relief as part of its breach of contract claim or an amended good faith and fair dealing claim. *See Goldmark*, 2011 WL 743568, at *5; *see also New York Univ.*, 87 N.Y.2d at 315 (identifying limited circumstances in which punitive damages may be recoverable in a breach of contract action).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's good faith and fair dealing claim, bad faith claim, and request for attorneys' fees incurred in this action and punitive damages, ECF No. 5, is GRANTED. Plaintiff's bad faith claim is DISMISSED WITH PREJUDICE. Plaintiff's good faith and fair dealing claim is DISMISSED WITHOUT PREJUDICE.

Plaintiff is granted leave to amend its complaint to replead its good faith and fair dealing claim, and, if it chooses to do so, it must file an amended complaint by November 20, 2023. Defendant shall answer or otherwise respond to the amended complaint by December 11, 2023.

IT IS SO ORDERED.

Dated: October 19, 2023
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York