UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

1555 JEFFERSON ROAD LLC,

                              Plaintiff,          Case # 23-CV-6347-FPG

v.                                                         DECISION AND ORDER

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

                              Defendant.

## INTRODUCTION

After this Court granted Defendant Travelers Property Casualty Company of America's ("Travelers") partial motion to dismiss, Plaintiff 1555 Jefferson Road LLC ("Jefferson Road") filed an amended complaint seeking declaratory judgment and asserting a breach of contract claim arising out of Travelers' alleged failure to defend Jefferson Road in a state-court personal injury action. ECF No. 12. Travelers has now filed a partial motion to dismiss and a motion to strike. ECF No. 13. As explained below, Travelers' motions are DENIED.

## BACKGROUND

This action arises out of Travelers' alleged failure to defend and indemnify Jefferson Road as an additional insured under one or more insurance policies in connection with a state-court personal injury action (the "Underlying Action") against Jefferson Road, Sun Chemical Corporation, Sun Environmental Corporation, and AmesburyTruth. *See* ECF No. 12 ¶¶ 2, 9.[1] The plaintiff in the Underlying Action claims that he sustained injuries in March 2019 while performing work at 1555 Jefferson Road, Rochester, New York pursuant to an agreement between

---

[1] Unless otherwise noted, all facts are taken from the amended complaint and the attached exhibits, ECF No. 12.

his employer and AmesburyTruth.  *Id.* ¶ 19.  Specifically, the plaintiff in the Underlying Action claims that he was injured after being exposed to chemicals as a result of the negligence of Jefferson Road, Sun Environmental Corporation, or AmesburyTruth in failing to provide a safe place to work.  *Id.* ¶ 20.

AmesburyTruth later commenced a third-party action (the "First Third-Party Action") against the personal injury plaintiff's employer, alleging that the employer or its subcontractors failed to perform the employer's work in a reasonably safe manner.  *Id.* ¶¶ 14, 21.  Jefferson Road also brought a third-party action (the "Second Third-Party Action"), alleging that Schlegel Systems, Inc. ("Schlegel") was leasing the premises from Jefferson Road on the date of the alleged accident and owed Jefferson Road certain obligations under the lease agreement.  *Id.* ¶¶ 16, 22.

One of those obligations was to obtain broad form comprehensive general liability ("CGL") insurance and to name Jefferson Road as an additional insured.  ECF No. 12 ¶¶ 24, 26; *see* ECF No. 12-1 at 12.  In addition, if Schlegel subleased or permitted anyone else to occupy the premises, its obligations under the lease agreement would continue, and the same obligation to procure insurance coverage would apply to any subtenant, assignee, or occupant.  ECF No. 12 ¶ 27; *see* ECF No. 12-1 at 8.  At the time of the personal injury plaintiff's alleged accident, AmesburyTruth occupied the premises "by virtue of a relationship or other agreement" between Schlegel and AmesburyTruth.  ECF No. 12 ¶ 28.  Both Schlegel and AmesburyTruth obtained CGL policies from Travelers which contained endorsements identifying Jefferson Road as an additional insured.  *See* ECF No. 12 ¶¶ 29–38; ECF Nos. 12-2–6.

After receiving the complaint in the Underlying Action, Jefferson Road notified Schlegel, AmesburyTruth, and Travelers of the claims and "tendered its defense and indemnification by a letter dated December 23, 2021."  ECF No. 12 ¶ 40; ECF No. 12-7.  In that letter, Jefferson Road

requested that Schlegel and AmesburyTruth notify their insurance carriers of the action and take steps to defend Jefferson Road.  ECF No. 12-7 at 3.  Although Travelers assigned one or more insurance adjusters to Jefferson Road's claim, it has "failed and refused to formally respond" to Jefferson Road's "numerous and specific tenders of defense and indemnification."  ECF No. 12 ¶ 44.  Since its first tender in December 2021, Jefferson Road "has tendered its defense and indemnification to Travelers no less than fifteen (15) separate times, to no avail."  *Id.* ¶ 48.

One of those fifteen times was on March 22, 2023, after Schlegel and Amesbury Truth produced the Travelers insurance policy documents in the Underlying Action.  ECF No. 12 ¶ 51.  About two months later, Travelers responded, and "for the first time," took the position "that coverage may not be available to [Jefferson Road] under the policy, and merely offered to 'participate' in" Jefferson Road's defense "under a complete reservation of rights."  *Id.* ¶ 52; ECF No.12-8.  Travelers has, however, continued to defend AmesburyTruth in the Underlying Action and Schlegel in the Second Third-Party Action.  ECF No. 12 ¶ 50, 55.

Jefferson Road alleges that, in doing so, Travelers has acted in bad faith and "gross disregard for its obligations" to Jefferson Road under the policies.  ECF No. 12 ¶ 71; *see also id.* ¶ 50 ("Travelers acted in bad faith by engaging in a pattern of avoiding, ignoring, and failing to respond to [Jefferson Road's] multiple tenders . . . all while continuing to defend [Amesbury Truth and Schlegel]").

## LEGAL STANDARDS

### I. Rule 12(b)(6)

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  A complaint is

plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a probability requirement." *Id.* Instead, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

## II.     Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored," *Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010), and "the courts should not tamper with the pleadings unless there is a strong reason for doing so." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Accordingly, when "deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky*, 551 F.2d at 893. In other words,

[t]o prevail on a motion to strike, the [movant] must show that: (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Hargett v. Metro. Trans. Auth.*, 552 F. Supp. 2d 393, 404 (S.D.N.Y. 2008).

## DISCUSSION

In its amended complaint, Jefferson Road brings two claims against Travelers. In its first claim, Jefferson Road seeks a declaratory judgment that Travelers is obligated to defend and indemnify Jefferson Road and that Travelers is obligated to reimburse it for any costs and expenses, including attorneys' fees, incurred in defending the Underlying Action and in bringing the Second Third-Party Action. ECF No. 12 ¶¶ 57–60. In its second claim, Jefferson Road seeks money damages for Travelers' alleged breach of contract, including a breach of the implied covenant of good faith and fair dealing. As relevant to Travelers' motion, Jefferson Road seeks consequential damages for Travelers' alleged breach of contract in the form of attorneys' fees and costs incurred in bringing this action. *Id.* ¶ 73.

Travelers has moved to dismiss Jefferson Road's request for attorneys' fees and costs incurred in this action and to strike Jefferson Road's allegations of bad faith. ECF No. 13-1. As explained below, Travelers' motions are DENIED.

### I.   Motion to Dismiss Claim for Attorneys' Fees and Costs

Travelers argues that attorneys' fees and costs are not recoverable where, as here, the insured has brought an action against the insurer—even if the insured shows that the insurer wrongly denied a defense. Jefferson Road contends that the Court should not dismiss its claim for attorneys' fees and costs at this early stage of the litigation. The Court agrees with Jefferson Road.

5

As this Court has explained, in New York, every contract contains an implied covenant of good faith and fair dealing. *1555 Jefferson Road LLC v. Travelers Prop. Casualty Co. of Am.*, No. 23-CV-6347, 2023 WL 6927205, at *3 (W.D.N.Y. Oct. 19, 2023) (citing *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004)). This implied covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Fishoff v. Coty Inc.*, 634 F.3d 647, 653 (2d Cir. 2011) (quoting *511 West 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002)). Such a covenant is implicit in contracts of insurance too, "such that a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims." *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 194 (2008); *see also Satispie, LLC v. Travelers Prop. Casualty Co. of Am.*, 448 F. Supp. 3d 287, 294 (W.D.N.Y. 2020).

A breach of this implied covenant constitutes "a breach of the underlying contract." *Nat'l Mkt. Share*, 392 F.3d at 525. Therefore, a breach of the implied covenant of good faith and fair dealing does not usually provide an independent cause of action. *See Goldmark, Inc. v. Catlin Syndicate Ltd.*, 2011 WL 743568, at *4 (E.D.N.Y. Feb. 24, 2011) (citing *Bi-Econ. Mkt., Inc.*, 10 N.Y.3d at 193–94). But, while "not an independent cause of action, a breach of the [implied covenant] may justify the recovery of consequential damages in addition to the loss insured by the policy at issue." *Id.* As the New York Court of Appeals explained in *Panasia Estates, Inc. v. Hudson Insurance Co.*, a party may also seek consequential damages "in an insurance contract context, so long as the damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008) (quoting *Bi-Econ. Mkt.*, 10 N.Y.3d at 192).

6

Relying on Court of Appeals cases predating both *Panasia* and *Bi-Economy*, Travelers asserts that Jefferson Road cannot recover fees incurred in this action even if it shows that Travelers wrongly denied a defense in the Underlying Action. ECF No. 13-1 at 8 (citing *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 325 (1995); *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979)). After *Panasia* and *Bi-Economy*, however, courts in New York have split "as to whether a plaintiff can seek attorneys' fees as part of its consequential damages claim." *H&H Env'tl Sys., Inc. v. Evanston Ins. Co.*, No. 18-CV-6315, 2019 WL 1129434, at *11 (W.D.N.Y. Mar. 12, 2019) (permitting request for attorneys' fees to survive defendant insurance companies' Rule 12 motions), *abrogated on other grounds by Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85 (2d Cir. 2023); *compare Chernish v. Mass. Mut. Life. Ins. Co.*, No. 08-CV-0957, 2009 WL 385418, at *5 (N.D.N.Y. Feb. 10, 2009) (concluding that, after *Bi-Economy*, pleading stage was too early in litigation to resolve entitlement to attorneys' fees), *with Santoro v. GEICO*, 986 N.Y.S.2d 572, 573–74 (2d Dep't 2014) (citing *Panasia* but concluding that attorneys' fees and costs from affirmative litigation are not recoverable under *New York University* and *Centennial Insurance*).

Although federal courts have been willing to permit claims for attorneys' fees to proceed, New York state courts have rejected the argument that *Panasia* and *Bi-Economy* allow an insured to recover attorneys' fees and costs incurred in affirmative litigation against an insurer. As the Appellate Division, Second Department has put it, "nothing in *Bi-Economy or Panasia* alters the common-law rule that, absent a contractual or policy provision permitting the recovery of an attorney's fee, 'an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy.'" *Stein, LLC v. Lawyers Title Ins. Corp.*, 953 N.Y.S.2d 303, 304 (2d Dep't 2012); *see Quick Response Commercial Div., LLC v. Cincinnati*

7

*Ins. Co.*, 2018 WL 2209203, at *2 (N.D.N.Y. May 14, 2018) ("In the face of this tension, courts have decided that *Panasia*'s holding yields to the general rule, and attorney's fees cannot be recovered as consequential damages."); *Brown v. Gov't Emps. Ins. Co.*, 66 N.Y.S.3d 733, 737 (3d Dep't 2017) ("We agree that nothing in *Bi-Economy* or *Panasia* implicitly altered or abrogated previous rules limiting recovery of damages for breach of a contract-related duty."). In fact, the Second Department has characterized "the inability of plaintiffs to recover an attorney's fee, costs, and interest as consequential damages in [an] affirmative action against their insurer" as "clear and free from doubt." *30-40 E. Main St. Bayshore, Inc. v. Republic Franklin Ins. Co.*, 981 N.Y.S.2d 616, 617 (2d Dep't 2014).

The Court is therefore persuaded that, even after *Panasia* and *Bi-Economy*, an insured generally cannot recover attorneys' fees and costs incurred in affirmative litigation against the insurer as consequential damages. New York courts recognize an exception to the general rule, however, "where there has been an unreasonable bad faith denial of coverage." *Quick Response*, 2018 WL 2209203, at *2. To invoke this exception, a plaintiff must allege "such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it." *Id.* (quoting *Sukup v. State of New York*, 19 N.Y.2d 519, 522 (1967)); *see also Nazareth Coll. of Rochester v. Harleysville Preferred Ins. Co.*, No. 16-CV-6418, 2017 WL 999214, at *3 (W.D.N.Y. Mar. 15, 2017).[2] To allege such bad faith, a plaintiff must allege that "(1) the insurer denied coverage as a result of 'gross negligence'[] and (2) the insurer lacked even an 'arguable basis for

---

[2] Although some courts have questioned the "continued vitality [of *Sukup*] in light of *Bi-Economy* and its progeny," *Shapiro v. Liberty Specialty Mkts.*, Nos. 17-CV-2783, 17-CV-7045, 2018 WL 10582979, at *2 n.2 (S.D.N.Y. July 24, 2018), because the Court of Appeals has not expressly overruled *Sukup*, this Court—like many other courts in this Circuit—will continue to rely on it in assessing Jefferson Road's attorneys' fee claim. *See e.g.*, *CBKZZ Investment, LLC v. Renaissance Re Syndicate 1458 Lloyds*, No. 22-CV-10672, 2024 WL 728890 at *3 (S.D.N.Y. Feb. 22, 2024) (applying *Sukup* to deny summary judgment on attorneys' fees claim); *Zicherman v. State Farm Fire & Casualty Co.*, No. 23-CV-2725, 2023 WL 6675327, at *3–4 (E.D.N.Y. Oct. 12, 2023) (applying *Sukup* to deny motion to dismiss attorneys' fees claim).

denying coverage under the standards of a reasonable insurer." *Nazareth Coll.*, 2017 WL 999214, at *3 (quoting *Kurzdorfer v. GEICO Gen. Ins. Co.*, No. 12-CV-781, 2013 WL 434186, at *2 (W.D.N.Y. Feb. 4, 2013)).

Jefferson Road's allegations that it was an additional insured under the CGL policies and that, beginning with the December 2021 tender, Travelers has ignored its repeated tenders despite defending AmesburyTruth in the Underlying Action and Schlegel in the Second Third-Party Action are enough, at this stage of the proceedings, to allow its request for attorneys' fees and costs. *Cf. H&H Env'tl Sys.*, 2019 WL 1129434, at *11–12 (acknowledging ability to recover attorneys' fees under *Sukup* and declining to dismiss request for attorneys' fees on motion to dismiss in light of uncertain legal landscape surrounding the issue); *Nazareth Coll.*, 2017 WL 99214, at *3 (dismissing claim for attorneys' fees where only factual allegation to support claim was that insurer refused to defend and indemnify in face of cases decided after insurer denied coverage).

The Court therefore declines to dismiss Jefferson Road's request for attorneys' fees and costs at this stage of the proceedings. Travelers' partial motion to dismiss is denied.

**II.     Motion to Strike References to "Bad Faith" in the Amended Complaint**

Travelers asserts that Jefferson Road's references to bad faith are immaterial and impertinent because the Court dismissed Jefferson Road's bad faith claim with prejudice. In response, Jefferson Road argues that the allegations of bad faith are relevant to its allegations that Travelers breached the implied covenant of good faith and fair dealing and to its request for consequential damages. The Court agrees with Jefferson Road.

Jefferson Road refers to Travelers' alleged bad faith five times in the amended complaint. *See* ECF No. 12 ¶¶ 43, 50, 56, 71, 72. Each allegation of bad faith relates to Travelers' alleged

9

failure to defend and indemnify Jefferson Road in the Underlying Action, as well as Travelers' alleged failure to respond to Jefferson Road's multiple tenders. *See id.* At the very least, these allegations of bad faith are relevant to Jefferson Road's request for attorneys' fees and costs as consequential damages, which, as the Court noted above, requires a showing of bad faith to succeed. *See e.g.*, *Goldmark, Inc.*, 2011 WL 743568, at *3 ("This Circuit has consistently held that *Bi-Economy* stands for the proposition that consequential damages are permitted when they derive from an insurer's bad faith refusal to pay an insured's claim. . .").

Because Jefferson Road's allegations of bad faith are relevant to its request for consequential damages, Travelers has failed to show that: (1) no evidence in support of the references to bad faith would be admissible; (2) the references to bad faith have no bearing on the relevant issues; and (3) permitting the references to bad faith to stand would result in prejudice to the it. *See Hargett*, 552 F. Supp. 2d at 404. Accordingly, the Court sees no reason, let alone a "strong reason," to strike Jefferson Road's allegations of bad faith. *Lipsky*, 551 F.2d at 893.

The Court therefore declines to strike Jefferson Road's allegations of bad faith from the amended complaint. Travelers' motion to strike is denied.

## CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss and motion to strike, ECF No. 13, are DENIED. Defendant shall answer the amended complaint no later than May 28, 2024.

IT IS SO ORDERED.

Dated: May 7, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York