UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

1555 Jefferson Road LLC,

                                      Plaintiff,

                                                                       Case # 23-CV-6347-FPG

v.

                                                                       DECISION AND ORDER

Travelers Property Casualty Company of America,

                                      Defendant.
_____

## INTRODUCTION

Plaintiff 1555 Jefferson Road LLC brings this insurance-coverage action against Defendant Travelers Property Casualty Company of America. ECF No. 1. The parties have cross-moved for summary judgment. ECF Nos. 32, 37. For the reasons that follow, Plaintiff's motion is GRANTED IN PART, and Defendant's motion is correspondingly DENIED IN PART. The Court otherwise takes the motions under advisement.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party

1

"may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## BACKGROUND

The following facts are taken from the record. Plaintiff owns a property located at 1555 Jefferson Road in Rochester, New York. *See* ECF No. 43 ¶ 2. In November 2021, Andrew Cobin initiated a personal injury action against Plaintiff, Sun Chemical Corporation, Sun Environmental Corp., and a company identified as "Ambesburytruth." ECF No. 38-16 at 5. Cobin alleged that, while at the property to perform demolition work in March 2019, he was injured. *See* ECF No. 38-13 at 11. At the time, Cobin was an employee of Frederico Demolition, who was performing the work under a contractual agreement with "Amesbury Truth." ECF No. 38-6 at 1; *see also* ECF No. 38-10 at 4-5; ECF No. 38-12 at 12-15. The parties agree that, at the time of Cobin's injuries, Schlegel Systems Inc. was the tenant of the property, pursuant to a lease agreement with Plaintiff. *See* ECF No. 43 ¶¶ 1-3.

For purposes of the demolition contract, the identity of "Amesbury Truth" is subject to dispute. The business known as "Amesbury Truth" is in fact a trade name under which several distinct entities operate. *See* ECF No. 38-12 at 6-7; ECF No. 38-5 at 2. Over time, distinct entities were acquired and folded into the "Amesbury Truth" business. ECF No. 38-12 at 7. The "head" of that business was "Amesbury Acquisition Holdings Inc." ECF No. 38-5 at 2. Among the subsidiaries of that entity were "Amesbury Industries Inc." and "Schlegel Systems Inc." *Id.* Yet the corporate distinctions between these entities were not formally observed. James Larson, the Chief Operations Officer of "Amesbury Industries Inc.," testified to that effect. ECF No. 38-12 at 7, 9-10 ("AmesburyTruth was a whole bunch of acquisitions bolted together. So that the way that

we went to the market, and the way that we worked with suppliers, is leveraging one – one big enterprise, one big business.").

Despite the fact that Schlegel Systems Inc. was the lessee of the property, "Amesbury Industries Inc." appeared on behalf of the named defendant "Ambesburytruth" in connection with Cobin's action. ECF No. 43 ¶ 36. Plaintiff also appeared, and it filed a third-party action against Schlegel Systems Inc. *Id.* ¶¶ 38, 41. In that third-party action, Plaintiff alleged that Schlegel Systems Inc. was obligated to defend, indemnify, and provide insurance coverage to Plaintiff under their lease agreement. *Id.* ¶ 41. Based on the public court docket, it appears that the Cobin litigation remains ongoing, with summary-judgment motions due by October 31, 2025, and trial to begin in December 2026.

Both Amesbury Industries Inc. and Schlegel Systems Inc. maintained commercial general liability policies, issued by Defendant, covering the time period in which Cobin's injuries occurred. *See id.* ¶¶ 9, 15. Plaintiff has repeatedly sought to compel Defendant to defend and indemnify in connection with Cobin's action, but Defendant has refused. *See id.* ¶¶ 64-66. In June 2023, Plaintiff brought the present action. ECF No. 1. In its amended complaint, Plaintiff brings one claim for a declaratory judgment and one claim for breach of contract. ECF No. 12. It contends that, under one or both of the policies, Defendant is obligated to defend and indemnify it in connection with the Cobin litigation; and that Defendant is additionally liable for costs and expenses that Plaintiff has incurred to defend the underlying action and to bring this suit. *See generally id.*

## DISCUSSION

The parties have cross-moved for summary judgment on both claims. ECF Nos. 32, 37. With respect to the first claim for declaratory relief, the Court concludes that Plaintiff is entitled

3

to a declaratory judgment that Defendant is obliged to defend Plaintiff in the Cobin litigation pursuant to the "D4 11 04 08" endorsement of Defendant's policy with Schlegel Systems Inc. Having arrived at that conclusion, the Court declines to further address the parties' motions. Instead, the Court directs the parties to meet and confer before filing a joint status report.

The Declaratory Judgment Act ("DJA") "creates a means by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 92 (2d Cir. 2023). However, the authority granted under the DJA is discretionary, meaning that district courts may "refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear." *Id.* This discretion is "broad," and its exercise is guided by the following factors:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

*Id.* at 99-100 (internal brackets, citations, and quotation marks omitted).

"In New York, an insurer's duty to defend is exceedingly broad and distinct from the duty to indemnify." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140 (2d Cir. 2014) (internal quotation marks omitted). "The duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person." *Id.* "[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the

4

policy." *Stein v. N. Assur. Co. of Am.*, 617 F. App'x 28, 30 (2d Cir. 2015) (summary order). The insurer bears a "heavy burden" to show that there is "no possible factual or legal basis for finding liability covered by the policy." *Westport Ins. Corp. v. Napoli, Kaiser & Bern*, 746 F. Supp. 2d 502, 506 (S.D.N.Y. 2010).

In this case, the undisputed facts establish Defendant's duty to defend as a matter of law. In the underlying action, Cobin alleges, *inter alia*, that "Ambesburytruth" was the "lessee" of the property, ECF No. 38-16 at 12, retained Frederico Demolition to perform work at the property, *id.*, and acted negligently in various ways that caused Cobin's bodily injuries, *id.* at 13-15. Cobin further alleged that Plaintiff was liable in its capacity as the "lessor" of the property. *Id.* at 6.

These allegations are "potentially within the language" of Schlegel Systems Inc.'s policy. *Great Am. Ins. Co. v. AIG Specialty Ins. Co.*, No. 21-1298, 2022 WL 17587851, at *1 (2d Cir. Dec. 13, 2022). Under the policy, Defendant agreed to indemnify Schlegel Systems Inc.—the lessee of the property—for sums it becomes "legally obligated to pay as damages because of 'bodily injury.'" ECF No. 38-3 at 19. Defendant further agreed to "defend [Schlegel Systems Inc.] against any suit seeking those damages." *Id.* (internal quotation marks omitted). Separately, Defendant agreed to indemnify and defend, to the same extent, any entity with whom Schlegel Systems Inc. had a written contract to "name as an additional insured," where the entity's liability was caused "in whole or in part[] by [Schlegel Systems, Inc.'s] acts or omissions . . . [i]n connection with [the] premises rented to [it]." *Id.* at 36. This coverage appears in an endorsement labeled "D4 11 04 08." *Id.* Under the lease agreement between Plaintiff and Schlegel Systems Inc., the latter agreed to obtain general liability insurance and name Plaintiff as "an additional insured." ECF No. 38-2 at 12. And because Cobin alleged in part that Plaintiff was liable in its

5

capacity as the "lessor" of the property, *id.* at 6, his complaint at least potentially comes within the scope of the "D4 11 04 08" endorsement. Consequently, Defendant has a duty to defend Plaintiff.

In an effort to avoid this straightforward conclusion, Defendant raises a single argument: because Schlegel Systems Inc. is not named "as a defendant" in the underlying action, ECF No. 36 at 3, and thus is not alleged to have "caused the accident," *id.* at 7, the additional-insured endorsement cannot cover Plaintiff.

In making this argument, however, Defendant ignores the well-established authority that an insured's "right to a defense does not depend solely on . . . the parties [that the plaintiff] names." *Travelers Indem. Co. v. Hudson Excess Ins. Co.*, No. 24-CV-7582, 2025 WL 1653861, at *5 (S.D.N.Y. June 10, 2025). Because "[t]he drafter of the pleading may be unaware of the true underlying facts or nuances that may affect the defendant's coverage and it might not be in the insured's (or insurer's) interest to reveal them," courts have "frequently extend[ed] the duty to defend to cases where the insured is not named in the underlying action as a party defendant." *Id.* In other words, the duty to defend extends to "poorly or incompletely pleaded cases as well as those artfully drafted." *Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, 462 F. Supp. 3d 317, 324 (S.D.N.Y. 2020). "If the allegations of the complaint are ambiguous or incomplete, the insurer is nevertheless obligated to defend if the case is potentially within the coverage of the policy." *Id.*; *Zurich Am. Ins. Co. v. XL Ins. Am., Inc.*, 547 F. Supp. 3d 381, 399 (S.D.N.Y. 2021) ("Courts applying New York law thus frequently extend the duty to defend to cases where the insured is not named in the underlying action as a party defendant.").

In this case, Cobin attempted to bring his negligence action in part against the "lessee" of the property, whom he identified solely by the business name "Ambesburytruth."[1] ECF No. 38-

---

[1] This point is worth emphasizing. Defendant repeatedly misstates the allegations in the complaint, stating that Cobin alleged that "Amesbury *Industries*" was "alleged to have caused the accident." ECF No. 42 at 9 (emphasis added);

6

16 at 12. The lessee at the time of the accident was, indisputably, Schlegel Systems Inc., *see* ECF No. 43 ¶¶ 1, 3, and the record establishes that Schlegel Systems Inc., along with several related entities, used the "Amesburytruth" trade name, *see, e.g.*, 38-12 at 7-10. Defendant acknowledges as much. *See* ECF No. 45-2 at 7 ("Numerous different entities operate under the name AmesburyTruth."). While there is certainly some ambiguity in Cobin's complaint, it is reasonably interpreted to allege liability against Schlegel Systems Inc., *or* Amesbury Industries, Inc. Defendant itself recognized this possibility before Plaintiff filed suit. *See* ECF No. 39 at 11 (noting that "this [case] involved Schlegel Corp."); ECF No. 38-26 at 12 ("[T]he accident location involved Schlegel Corp," which "signed the lease with the landlord as the Tenant"); *id.* (discussing the possibility that "Amesbury Industries Inc. d/b/a AmesburyTruth is not the correct party to this action as they were not the entity business out of 1555 Jefferson Rd," but that "[t]he correct party should be Schlegel Systems Inc. d/b/a AmesburyTruth"). For purposes of Defendant's duty to defend, that ambiguity must be resolved in Plaintiff's favor, *see N.Y. Marine & Gen. Ins. Co. v. Travelers Prop. Cas. Co. of Am.*, 632 F. Supp. 3d 303, 307 (S.D.N.Y. 2022) ("Any doubt as to whether the allegations state a claim within the coverage of the policy must be resolved in favor of the insured and against the carrier."), and Defendant cannot avoid its duty to defend through a "wooden" interpretation of Cobin's complaint. *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 66 (1991).

---

*see also id.* at 11. Nowhere in the complaint does Cobin name "Amesbury *Industries*" as a defendant—Cobin refers only to an entity by the name of "Ambesburytruth." At a later time, the parties in the Cobin litigation agreed to insert "Amesbury Industries, Inc." in place of the misspelled defendant "Ambesburytruth." *See* ECF No. 45-1. However, there is no evidence that this stipulation was intended to have a substantive effect on Cobin's allegations—including that the *lessee* of the property negligently caused his injuries. By its terms, it was intended solely to correct the misspelling of that defendant's name. *See id.* at 1 (stating that the purpose of the stipulation was to "correct an error with the Defendant's, AMESBURYTRUTH, name"). Thus, Defendant does not persuasively argue that the stipulation substantively amended the complaint to clarify that "Cobin named Amesbury Industries, not Schlegel, as the defendant." ECF No. 45-2 at 5.

Indeed, Defendant's present litigation position is emblematic of the sort of gamesmanship that New York law seeks to discourage. *Cf. id.* at 69 ("To deny [the named defendant] an insurance-company sponsored defense under these circumstances merely because the attorney for the plaintiff in the main action accidentally mischaracterized [the named defendant's] role would be to afford the insurer an undeserved windfall at the expense of its insured."). By deeming Amesbury Industries, Inc. the "intended" defendant in the Cobin litigation, Defendant is able to avoid its defense obligations to Plaintiff despite Plaintiff's alleged liability as a "lessor" to Schlegel Systems, Inc. in that very same litigation. ECF No. 38-16 at 6. Even if, as Defendant argues, Amesbury Industries, Inc. believed itself to be—or was as a matter of fact—the correct defendant, ECF No. 45-2 at 7, coverage is not determined by the insurer's or by any other defendant's assessment of the merits of a complaint. *See 622 Third Ave. Co., L.L.C. v. Nat'l Fire Ins. Co. of Hartford*, 646 F. Supp. 3d 466, 475 (S.D.N.Y. 2022) (stating that "[a]n insurer must defend even if facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered" (internal quotation marks omitted)).

Accordingly, even construing the record in the light most favorable to Defendant, Plaintiff has established as a matter of law that it is entitled to a defense in the Cobin litigation pursuant to the "D4 11 04 08" endorsement of Defendant's policy with Schlegel Systems Inc.

Having reached this conclusion, the Court could proceed to address the other issues raised by the cross-motions, but it will not do so—at least for now.

When discovery began in this matter, the parties agreed that mediation would be unhelpful. Defense counsel wrote that "[t]he sole issue is whether [Plaintiff] is [Defendant's] additional insured," which was an "all-or-nothing issue" and over which there was "nothing to negotiate." ECF No. 25-1 at 2. Plaintiff's counsel agreed that the parties should "focus efforts on completing

discovery." ECF No. 27 at 3. Magistrate Judge Payson therefore granted Defendant's request to opt out of mediation. ECF No. 28.

With the resolution of the central duty-to-defend question, however, this case may stand in a different posture. As Defendant points out, it is debatable whether this Court should proceed to address Defendant's duty to indemnify before completion of the Cobin litigation. *See* ECF No. 42 at 12-13. Even though there is no "*per se* rule . . . that all declaratory judgment actions brought to establish a duty to indemnify are premature during the pendency of an underlying action," *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 261 (S.D.N.Y. 2013), there may be good reasons for the Court, as a matter of discretion, to avoid adjudicating that issue before the Cobin litigation is complete, *see, e.g.*, *Travelers Prop. Cas. Co. of Am. v. Harleysville Worcester Ins. Co.*, 685 F. Supp. 3d 187, 216 (S.D.N.Y. 2023). Further briefing may be warranted on that question. Aside from the duty to indemnify, the parties spar on several fronts over Plaintiff's damages claims. Plaintiff's entitlement to, and extent of, damages implicates a number of issues, and, even if meritorious, may involve a variety of disputes over attorney's fees, billable hours, local rates, and the like, if not a full-blown evidentiary hearing. *See, e.g.*, *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 483 F. App'x 599, 604-05 (2d Cir. 2012) (summary order).

In other words, this case no longer rests on an "all-or-nothing issue." Given that posture, the Court cannot conclude that good cause continues to exist for opting out of the Court's ADR Plan. As set forth below, the parties are directed to re-engage with that process.

## CONCLUSION

For these reasons, Plaintiff's motion for summary judgment (ECF No. 37) is GRANTED IN PART, and Defendant's motion for summary judgment (ECF No. 32) is correspondingly DENIED IN PART, insofar as Plaintiff is entitled to a declaratory judgment that Defendant is obligated to defend Plaintiff, as an additional insured, in the Cobin litigation pursuant to the "D4 11 04 08" endorsement of Defendant's policy with Schlegel Systems Inc.  The Court otherwise takes the motions under advisement.

Regarding ADR, Judge Payson's order (ECF No. 28) is VACATED; the parties are directed to participate in the Court's ADR plan; and this matter is referred to Magistrate Judge Holland to oversee any scheduling matters related to that process.  Once the parties have fully participated in the Court's ADR plan, they shall file a joint status report notifying the Court of such, and the Court will proceed as necessary.

IT IS SO ORDERED.

Dated:  October 1, 2025
            Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York